# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-6616-AB (KK) | Date | November 9, 2015 |
|---|---|---|---|
| Title | Travis Williams v. Warden | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed Due to Failure to Exhaust**

On April 28, 2015, petitioner Travis Williams ("Petitioner") signed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"), which was filed by the Court on August 28, 2015.[1]  Petitioner purports to challenge his 2013 guilty finding at a prison disciplinary hearing.  This court having reviewed the Petition, it appears the Petition is subject to dismissal because, as indicated in the Petition, petitioner has not exhausted his state remedies with respect to the grounds raised in his Petition.  The court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **December 9, 2015**.  The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

---

[1] The Court makes no finding regarding when the Petition was constructively filed pursuant to the "mailbox rule" (*see Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000)), because the filing date is not relevant to the Court's determination of the issue of exhaustion at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6616-AB (KK) | Date | November 9, 2015 |
|---|---|---|---|
| Title | Travis Williams v. Warden | | |

## **The Exhaustion Requirement**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." *Gatlin*, 189 F.3d at 888.

In this case, petitioner has raised two purported grounds for relief in his federal habeas Petition: (1) Petitioner was denied his due process rights to have witnesses present at his disciplinary hearing; and (2) Petitioner was denied his due process right to appointment of a staff assistant. Pet. at 5. The Petition indicates Petitioner exhausted his administrative remedies by appealing the disciplinary decision through the third level review with the prison Office of Appeals. Pet. at 4. Petitioner appears to have filed a petition with the California Court of Appeal simultaneously with the instant Petition. Pet. at 13 (proof of service indicating Petition was mailed to this Court and the California Court of Appeal). Thus, it appears none of the grounds Petitioner raises in the instant Petition have been ruled on by the California Supreme Court, and thus none of the grounds raised have yet been exhausted. If this is correct, the Petition is subject to dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6616-AB (KK) | Date | November 9, 2015 |
|---|---|---|---|
| Title | Travis Williams v. Warden | | |

## Petitioner's Options

If petitioner contends that he has in fact exhausted his state court remedies on the grounds raised in his federal habeas Petition, he should clearly explain this in a written response to this Order to Show Cause. The written response must be filed on or before **December 9, 2015**. Petitioner should attach to his response copies of any documents establishing that grounds one and two are indeed exhausted.

Alternatively, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Such dismissal request must also be filed on or before **December 9, 2015**.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed without prejudice for failure to exhaust state remedies, for failure to prosecute, and/or for failure to obey court orders.**