## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6616-AB (KK) | Date | February 17, 2016 |
|---|---|---|---|
| Title | Travis Williams v. Warden | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:**  **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed Due to Failure to Exhaust**

## I.
## INTRODUCTION

On April 28, 2015, petitioner Travis Williams ("Petitioner") signed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"), which was filed by the Court on August 28, 2015.[1]  Petitioner purports to challenge his 2013 guilty finding at a prison disciplinary hearing.  This court having reviewed the Petition, it appears the Petition is subject to dismissal because, as indicated in the Petition, Petitioner has not exhausted his state remedies with respect to the grounds raised in his Petition.  The court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the Court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders Petitioner to respond to the Order to Show Cause in writing by no later than **March 18, 2016**.  The Court further directs Petitioner to review the information that follows, which provides additional explanation

---

[1]     The Court makes no finding regarding when the Petition was constructively filed pursuant to the "mailbox rule" (*see Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000)), because the filing date is not relevant to the Court's determination of the issue of exhaustion at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6616-AB (KK) | Date | February 18, 2016 |
|---|---|---|---|
| Title | Travis Williams v. Warden | | |

as to why the federal Petition appears to be subject to dismissal and may assist Petitioner in determining how to respond.

## II.
## THE EXHAUSTION REQUIREMENT

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." *Gatlin*, 189 F.3d at 888.

In this case, Petitioner has raised two purported grounds for relief in his federal habeas Petition: (1) Petitioner was denied his due process rights to have witnesses present at his disciplinary hearing; and (2) Petitioner was denied his due process right to appointment of a staff assistant. ECF Docket No. ("dkt.") 1, Pet. at 5. The Petition indicates Petitioner exhausted his administrative remedies by appealing the disciplinary decision through the third level review with the prison Office of Appeals. Pet. at 4. Petitioner appears to have filed a petition with the California Court of Appeal simultaneously with the instant Petition. Pet. at 13 (proof of service indicating Petition was mailed to this Court and the California Court of Appeal). Thus, it appears none of the grounds Petitioner raises in the instant Petition have been ruled on by the California Supreme Court, and thus none of the grounds raised have yet been exhausted. If this is correct, the Petition is subject to dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6616-AB (KK) | Date | February 18, 2016 |
|---|---|---|---|
| Title | Travis Williams v. Warden | | |

# III.
# PETITIONER'S OPTIONS

**Option 1 - Petitioner May Explain The Petition Is Exhausted**:  If Petitioner contends that he has in fact exhausted his state court remedies on the grounds raised in his federal habeas Petition, he should clearly explain this in a written response to this Order to Show Cause.  The written response  must be filed on or before **March 18, 2016.** Petitioner should attach to his response copies of any documents establishing that grounds one and two are indeed exhausted.

**Option 2 - Petitioner May Request A *Rhines* Stay**:  Under *Rhines v. Weber*, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005), a district court has discretion to stay a petition to allow a petitioner time to present his unexhausted claims to state courts. *Id.* at 276; *Mena v. Long*, No. 14-55102, (9th Cir. Feb. 17, 2016) (holding the *Rhines* stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions).  This stay and abeyance procedure is called a "*Rhines* stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  *Rhines*, 544 U.S. at 277-78.

Petitioner may request a *Rhines* stay and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) grounds one and two are not "plainly meritless"; and (3) Petitioner did not intentionally engage in dilatory litigation tactics. *See id.*  Petitioner should include any evidence supporting his request for a *Rhines* stay.

**Option 3 - Petitioner May Voluntarily Dismiss Action Without Prejudice**: Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).The court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").  Such dismissal request must also be filed on or before **March 18, 2016**.

# IV.
# ORDER

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6616-AB (KK) | | Date | February 18, 2016 |
|---|---|---|---|---|
| Title | Travis Williams v. Warden | | | |

Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed for failure to exhaust state remedies by filing a written response **no later than March 18, 2016**. Petitioner must respond to this Order pursuant to one of the options listed above.

1) In order to select Option 1, Petitioner must file a response to this Order showing Grounds One and Two are exhausted.

2) In order to select Option 2, Petitioner must file a Motion for a *Rhines* stay.

3) In order to select Option 3, Petitioner must file a Request for Voluntary Dismissal. **A Notice of Dismissal form is attached for Petitioner's convenience.**

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies. **Accordingly, Petitioner may select options in the alternative.**

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for his failure to comply with court orders and failure to prosecute.** See **Fed. R. Civ. P. 41(b).**

IT IS FURTHER ORDERED, (1) Respondent's Motion to Dismiss (dkt. 7) is DENIED without prejudice as moot; and (2) Petitioner's Request for Extension of Time to File Response to Motion to Dismiss (dkt. 11) is DENIED as moot, but the **Clerk of Court is directed to provide Petitioner with a copy of the Petition (dkt. 1)**.

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**